UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARSHALL THOMAS, III )<br>  Plaintiff,                    )<br>                                  )<br>v.                              )<br>                                  )<br>U.S. BANK N.A., SUCCESSOR TRUSTEE TO )<br>BANK OF AMERICA, N.A., SUCCESSOR IN )<br>INTEREST TO LASALLE BANK, N.A.,      )<br>AS TRUSTEE ON BEHALF OF WAMU         )<br>MORTGAGE PASS-THROUGH                )<br>CERTIFICATES, SERIES 2006-AR18, AND  )<br>SELECT PORTFOLIO SERVICING, INC.,    )<br>  Defendants.                   ) | C.A. NO. 1:19-CV-10645-PBS |

## ANSWER OF DEFENDANTS U.S. BANK N.A., SUCCESSOR TRUSTEE, AND SELECT PORTFOLIO SERVICING, INC.

Defendants U.S. Bank NA, Successor Trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as Trustee, on behalf of WaMu Mortgage Pass-Through Certificates, Series 2006-AR18 (the "Trustee"), and Select Portfolio Servicing, Inc. ("SPS") (collectively the "Defendants") and hereby answer the Verified Complaint and Jury Demand of Plaintiff Marshall Thomas, III ("Thomas") as follows:

### NATURE OF THE CASE

1. The allegations state legal conclusions for which no answer is required. To the extent that an answer is required, the Trustee and SPS deny the allegations.

### FEDERAL JURISDICTION

2. The allegations state legal conclusions for which no answer is required.

3. The allegations state legal conclusions for which no answer is required.

## PARTIES

4. The Trustee and SPS lack sufficient knowledge to admit or deny the allegations, and call upon Thomas to prove the same at trial.

5. Admit, except the main office of U.S. Bank National Association is located in Minneapolis, Minnesota.

6. Admit.

## Count I – Invalid Notice of Default
### (U.S. Bank)

7. The Trustee and SPS repeat and incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

8. Admit that Thomas holds a deed to the Property according to the documents recorded in the Registry of Deeds, and purports to reside at the Property. Defendants lack sufficient knowledge to admit or deny the remainder of the allegations.

9. Admit that Thomas granted a mortgage on the Property.

10. The allegations purport to pertain to the mortgage, which speaks for itself.

11. The allegations purport to pertain to the mortgage, which speaks for itself.

12. The allegations purport to pertain to the mortgage, which speaks for itself.

13. The allegations purport to pertain to the mortgage, which speaks for itself.

14. The allegations purport to pertain to a document, which speaks for itself.

15. The allegations purport to pertain to a document, which speaks for itself.

16. Denied.

17. The allegations state legal conclusions for which no answers are required. To the extent that an answer is required, Defendants deny the allegations.

## Count II – Contact While Represented by Counsel, M.G.L. ch. 93A
### (U.S. Bank and SPS)

18. The Trustee and SPS repeat and incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

19. The allegations state legal conclusions for which no answers are required.

20. The allegations purport to pertain to a document, which speaks for itself.

21. The allegations purport to pertain to a document, which speaks for itself.

22. The allegations purport to pertain to a document, which speaks for itself.

23. The allegations purport to pertain to a document, which speaks for itself.

24. The allegations purport to pertain to a document, which speaks for itself.

25. Denied.

26. Denied.

## Count III – Failure to Send Mortgage Payoff, M.G.L. ch. 183, § 54D
### (U.S. Bank and SPS)

27. The Trustee and SPS repeat and incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

28. The allegations state legal conclusions for which no answers are required.

29. The allegations state legal conclusions for which no answers are required.

30. The allegation purports to pertain to a document, which speaks for itself.

31. The allegation purports to pertain to a document, which speaks for itself.

32. The allegation purports to pertain to a document, which speaks for itself.

33. The allegation purports to pertain to a document, which speaks for itself.

34. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Thomas fails to state a claim upon which relief can be granted against SPS or the Trustee.

### Second Affirmative Defense

Thomas waived the claims asserted in the Verified Complaint.

### Third Affirmative Defense

Thomas is estopped from asserting the claims set forth in the Verified Complaint.

### Fourth Affirmative Defense

Thomas lacks standing to assert the claims.

### Fifth Affirmative Defense

Thomas is barred from pursuing the claims asserted the Verified Complaint due to the failure by Thomas to perform under the note and mortgage as required.

### Sixth Affirmative Defense

The claims asserted by Thomas are barred by the applicable statutes of limitations.

### Seventh Affirmative Defense

To the extent Thomas suffered loss or damage, such loss or damage was caused by a third-party not within the control of either SPS or the Trustee.

### Eighth Affirmative Defense

To the extent Thomas suffered loss or damage, such loss or damage was caused by the acts or omissions of Thomas.

### Ninth Affirmative Defense

Thomas fails to establish any tangible injury or harm sustained by the alleged statutory violations.

### Tenth Affirmative Defense

Thomas did not request a payoff of the mortgage in conjunction with a <u>bona fide</u> refinance transaction.

### Eleventh Affirmative Defense

Thomas cannot maintain a private right of action.

### Twelfth Affirmative Defense

The claims asserted by Thomas in the Verified Complaint are barred by unclean hands.

### Thirteenth Affirmative Defense

The Trustee and SPS did not commit any unfair or deceptive acts or practices with respect to Thomas.

### Fourteenth Affirmative Defense

The claims asserted by Thomas in the Verified Complaint are not ripe.

### Fifteenth Affirmative Defense

Thomas failed to tender payment.

### REQUEST FOR RELIEF

**WHEREFORE**, Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company, as Trustee, respectfully request this Honorable Court to:

1. Enter judgment in their favor against Plaintiffs on all Counts of the Verified Complaint;
2. Dismiss all Counts of the Verified Complaint and Jury Demand with prejudice;
3. Award attorneys' fees and costs incurred in defending this action; and,
4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**U.S. BANK N.A., SUCCESSOR TRUSTEE, AND SELECT PORTFOLIO SERVICING, INC.,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (B.B.O. #600069)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA 02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated: April 25, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

/s/ Peter F. Carr, II
Peter F. Carr, II

Dated: April 25, 2019